United States Bankruptcy Court
Central District of California

| | |
|---|---|
| In re: | Case No. 23-12204-SC |
| Villa Park Mansion LLC | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: May 14, 2024 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 16, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Villa Park Mansion LLC, 18462 Villa Drive, Villa Park, CA 92861-2812 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 16, 2024        Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 14, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Coby Halavais | on behalf of Interested Party C&H Trust Deed Service coby@halavaislaw.com |
| Coby Halavais | on behalf of Creditor Camanna LLC coby@halavaislaw.com |
| Joshua L Scheer | on behalf of Creditor GREEN LOTUS GROUP LLC jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com |
| Melissa Davis Lowe | on behalf of Trustee Richard A Marshack (TR) mlowe@shulmanbastian.com avernon@shulmanbastian.com |
| Richard A Marshack (TR) | pkraus@marshackhays.com ecf.alert+Marshack@titlexi.com |
| Stella K Park | on behalf of Debtor Villa Park Mansion LLC spark@parkandzheng.com yzheng@parkandzheng.com |

District/off: 0973-8 User: admin Page 2 of 2
Date Rcvd: May 14, 2024 Form ID: pdf042 Total Noticed: 1

United States Trustee (SA)
                    ustpregion16.sa.ecf@usdoj.gov

TOTAL: 7

Leonard M. Shulman – Bar No. 126349
Melissa Davis Lowe – Bar No. 245521
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:    (949) 340-3000
Email:         LShulman@shulmanbastian.com;
                  MLowe@shulmanbastian.com

Attorneys for Richard A. Marshack,
Chapter 7 Trustee

**FILED & ENTERED**

**MAY 14 2024**

**CLERK U.S. BANKRUPTCY COURT**
Central District of California
BY bolte         DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

**VILLA PARK MANSION LLC,**

Debtor.

Case No.  8:23-bk-12204-SC

Chapter 7

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**

  (1) **APPROVING THE SALE OF REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO BANKRUPTCY CODE §§ 363(b)(1) and (f), SUBJECT TO OVERBIDS, COMBINED WITH NOTICE OF BIDDING PROCEDURES AND REQUEST FOR APPROVAL OF THE BIDDING PROCEDURES UTILIZED;**

  (2) **APPROVING PAYMENT OF REAL ESTATE COMMISSION AND OTHER COSTS; AND**

  (3) **GRANTING RELATED RELIEF**

[Real property located at 18462 Villa Drive, Villa Park, CA 92861]

<u>Hearing Date:</u>
Date:  May 14, 2024
Time:  11:00 a.m.
Place:  Courtroom 5C – Via Zoom
           United States Bankruptcy Court
           411 W. Fourth Street
           Santa Ana, CA 92701

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

6839-000 Sale Motion TC Villa Park - Order

On May 14, 2024 at 11:00 a.m., the Honorable Scott C. Clarkson, United States Bankruptcy Judge presiding, the Court held a hearing on the Motion for Order: (1) Approving the Sale of Real Property of the Estate Free and Clear of Liens Pursuant to Bankruptcy Code §§ 363(b)(1) and (f), Subject to Overbids, Combined With Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; (2) Approving Payment of Real Estate Commission and Other Costs; and (3) Granting Related Relief ("Sale Motion") (Docket No. 33) filed by Richard A. Marshack ("Trustee"), solely in his capacity as the Chapter 7 trustee for the bankruptcy estate ("Estate") of Villa Park Mansion LLC ("Debtor").

The Trustee appeared through his counsel, Melissa Davis Lowe of Shulman Bastian Friedman & Bui LLP. The Trustee was also present. All other parties appeared as reflected in the Court's record.

Having given due consideration to the Sale Motion, the declarations and other evidence submitted in support of the Sale Motion, including the Stipulations entered into between the Trustee and the secured creditors which are the subject of the Trustee's Omnibus Motion for Order Approving Compromise of Disputes By and Between the Chapter 7 Trustee and: (1) Camanna LLC; (2) PDA Inc.; and (3) Green Lotus Group LLC ("Compromise Motion") (Docket No. 52), the record and proceedings in the Debtor's bankruptcy case, the arguments of counsel at the hearing, and for other good cause shown, the Court hereby

**ORDERS AS FOLLOWS:**

1. The Sale Motion is granted.

2. The Bidding Procedures (defined in the Sale Motion) described in detail in the Sale Motion are hereby approved.

3. The Trustee is authorized to sell to Hao Bui and Thuy Nguyen (collectively, "Buyer") or their assignee[1], for the sum of $3,447,000.00, the Estate's interest in the real property located at 18462 Villa Drive, Villa Park, California 92861, APN: 372-521-31 ("Property"). The Property is legally described as follows:

---

[1] Any assignee needs prior approval by the Trustee.

Parcel A:

Parcel 2 as shown on Parcel Map No. 95-142, in the City of Villa Park, County of Orange, State of California, as per Map filed in Book 287, Pages 49 and 50 of Parcel Maps, in the office of the County Recorder of said County.

Parcel B:

A 25 Foot Wide Easement for ingress, egress, and utility purposes, over Parcels 1 and 2 as shown on Parcel Map No. 89-275, as per Map filed in Book 268, Pages 48 through 50 inclusive of Parcel Maps, in the office of the County Recorder of said County.

Parcel C:

An Easement for Proposed Tennis Court over a portion of Parcel 1 of Parcel Map No. 89-275, in the City of Villa Park, County of Orange, State of California as per Map filed in Book 268, Pages 48 through 50 inclusive of Parcel Maps, in the office of the County Recorder of said County, described as follows:

Beginning at the Southeast corner of Parcel 1 of Parcel Map No. 95-142 as per Map filed in Book 287, Pages 49 and 50 of Parcel Maps; thence North 5º 09' 51" West, along the Easterly line of said Parcel 1, a distance of 139.50 feet to the Northerly terminus of said Easterly line; thence Easterly along that certain course shown as "North 84º 50' 09" East", and its Easterly prolongation, per said Parcel Map, 60.00 feet; thence South 5º 09' 51" East, parallel with said Easterly line, 126.64 feet to its intersection with the Northeasterly prolongation of the Southeasterly line of said Parcel 1, said Southeasterly line having a bearing of North 72º 44' 15" East; thence South 72º 44' 15" West, along said prolongation, 61.36 fee to the POINT OF BEGINNING.

4. The sale of the Property to the Buyer shall be on the terms and conditions as set forth in the California Residential Purchase Agreement and Joint Escrow Instructions, Addendum to Purchase Agreement, and Addendum No. One (collectively the "<u>Agreement</u>"), a copy of which is attached as Exhibit "3" to the Declaration of Richard A. Marshack annexed to the Sale Motion.

5. If the sale of the Property to the Buyer does not close for any reason, the Trustee is authorized to sell the Property to Kim Dam, or any other third party, for the sum of $3,445,000, subject to an order of this Court making a good faith finding under Bankruptcy Code §363(m). The Trustee may file a request for a hearing specifically on the issue of a good faith finding under Bankruptcy Code §363(m) on ten (10) days' notice of such hearing.

6. The sale of the Property shall be free and clear of liens pursuant to Bankruptcy Code § 363(f), with any liens and interests against the Property that are not released, paid in full, or otherwise resolved through escrow, if any, to attach to the sale proceeds with the same force, effect, validity, and priority as such liens or interests had with respect to the Property prior to the sale, pending agreement with the lienholder or further Court order.

7. Without limiting the foregoing, outstanding Liens and Encumbrances shall receive the treatment at the time of closing or through escrow on the sale of the Property as follows:

| **Creditor** | **Description** | **Estimated Amount Owing** | **Treatment of Lien Through the Sale** |
| --- | --- | --- | --- |
| Orange County Tax Collector | Real property taxes<br><br>1) Defaulted taxes for 2022-2023 in the amount of $19,371.40 (amount to redeem by April 30, 2024)<br><br>2) Unpaid first installment of taxes for 2023-2024 in the amount of $15,762.22, plus penalty of $1,576.22<br><br>3) Second installment of taxes for 2023-2024 is due on April 10, 2024 in the amount of $15,762.22 | $52,472.06 | All outstanding and pro-rata real property taxes will be paid through escrow on the sale transaction. |
| Camanna LLC | First priority deed of trust recorded 12/8/2021, Instrument No. 2021-761010 ("Camanna DOT") | $2,429,526.26 as of 4/4/2024. Payoff received after that date will be subject to additional interest of $1,016.36 per day. | Pursuant to the terms of the Stipulation entered into between the Trustee and Camanna LLC (Exhibit 1 to the Compromise Motion) (the "Camanna Stipulation"), the Camanna DOT will be paid through escrow on the sale transaction the sum of $2,329,526.26, plus interest at the rate of $1,016.36 per day from April 5, 2024 until paid. The Camanna DOT will be released at the close of escrow and this lien will **not** attach to the sale proceeds. |

| Creditor | Description | Estimated Amount Owing | Treatment of Lien Through the Sale |
|---|---|---|---|
| PDA Inc. | Second priority deed of trust recorded 12/19/2022, Instrument No. 2022-412088 and re-recorded on 2/16/2023, Instrument No. 2023-35870 ("PDA DOT") | $235,907.76, plus interest at the rate of 13.99%<br><br>[Per Proof of Claim filed 2/15/2024, Claim 2] | Pursuant to the terms of the Stipulation entered into between the Trustee and PDA Inc. (Exhibit 2 to the Compromise Motion) (the "PDA Stipulation"), the PDA Lien will be paid the sum of $200,000.00 in full satisfaction of the PDA DOT. The PDA DOT will be released at the close of escrow and this lien will **not** attach to the sale proceeds |
| Green Lotus Group, LLC | Third priority deed of trust recorded 10/26/2022, Instrument No. 2022-345783 ("Green Lotus 1st DOT") | $200,000.00 (principal)<br><br>[Per Proof of Claim filed 2/20/2024, Claim 5] | The Green Lotus 1st DOT will be paid pursuant to the terms of the Stipulation entered into between the Trustee and Green Lotus Group, LLC (Exhibit 3 to the Compromise Motion) (the "Green Lotus Stipulation") in full satisfaction. The Green Lotus 1st DOT will be released at the close of escrow and this lien will **not** attach to the sale proceeds |
| Green Lotus Group, LLC | Fourth priority deed of trust recorded 7/7/2022, Instrument No. 2022-239097 ("Green Lotus 2nd DOT") | $818,395.89, plus interest at the rate of 12%<br><br>[Per Proof of Claim filed 2/20/2024, Claim 4] | The Green Lotus 2nd DOT will be paid pursuant to the terms of the Green Lotus Stipulation in full satisfaction. The Green Lotus 2nd DOT will be released at the close of escrow and this lien will **not** attach to the sale proceeds |
| Thanh Binh Tran | Fifth priority deed of trust recorded 12/31/2023, Instrument No. 2023-265666 ("Tran DOT") | $450,000.00 | The Tran DOT is subject to a bona fide dispute.<br><br>The Truste is authorized to sell the Property free and clear of the Tran DOT with such disputed lien to attach to the proceeds of the sale in the same validity and priority as prior to the sale pending agreement with the lienholder or further Court order. |

8.  The Trustee is authorized, empowered, and directed to: (a) perform under, consummate, and implement the Agreement; (b) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the sale transactions contemplated thereby; (c) take all further actions as may be necessary or appropriate for the purposes

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

of assigning, transferring, granting, conveying, encumbering or transferring the Property as contemplated by the Agreement; and (d) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of the Court. The Trustee is hereby authorized to execute all documents in connection with the sale transaction approved herein.

9. The sale of the Property is "as is-where is" without warranties of any kind, express or implied, being given by the Trustee.

10. The Trustee and/or the escrow company are authorized to pay all reasonable costs of sale through escrow on the sale of the Property, including: (i) all real property taxes, (ii) all amounts owed on the Camanna DOT pursuant to the Camanna Stipulation in the estimated amount of $2,390,000.00, (iii) the sum of $200,000.00 on the PDA Lien pursuant to the PDA Stipulation), (iv) all amounts owed on the Green Lotus 1st Lien and Green Lotus 2nd Lien pursuant to the Green Lotus Stipulation in the estimated amount of $400,000.00, (v) amount owed to Intac Advisory for insurance premium on the Property in the amount of $2,876.72, and (vi) escrow fees and other costs of sale to be split between the Buyer and the Estate in the manner customary in Orange County, California where the Property is located.

11. Through escrow on the sale of the Property, the Trustee is authorized to pay compensation for real estate services as follows: two percent (2%) of the Property's sale price to the Buyer's broker, Ana Real Estate, two percent (2%) of the Property's sale price to the Trustee's Broker, Clarence Yoshikane of Berkshire Hathaway HomeServices California Properties, and a carve-out of two percent (2%) of the Property's sale price to the Trustee on behalf of the Estate.

12. Through escrow on the sale of the Property, and upon review and approval by the Trustee, the Trustee is authorized to reimburse the Broker for amounts advanced to maintain the Property in the total amount estimated not to exceed $12,000.00.

///

///

///

13. This Court shall and hereby does retain jurisdiction to: (a) enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith; (b) resolve any disputes, controversies or claims arising out of or relating to the Agreement; and (c) interpret, implement, and enforce the provisions of this Order.

14. In recognition of the need to effectuate a closing of the sale as quickly as possible, notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately.

15. The Buyer is found to be a buyer in "good faith" within the meaning of 11 U.S.C. § 363(m), and, as such, is entitled to the protections afforded thereby.

16. Pursuant to 11 U.S.C. § 363(m), absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order, or any provision thereof, shall not affect the validity of the sale transaction approved hereby which is consummated prior to such stay, reversal or modification on appeal.

17. The validity of the sale approved hereby shall not be affected by the appointment of a successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

###

Date: May 14, 2024

Scott C. Clarkson
United States Bankruptcy Judge